Philip E. Winter Lyon County Counselor Lyon County Courthouse Emporia, Kansas 66801
Dear Mr. Winter:
As Lyon county counselor you request our opinion on issues involving the Kansas open records act (KORA), K.S.A. 45-215 etseq., its application to records provided in executive sessions falling under the Kansas open meetings act (KOMA), K.S.A. 75-4317et seq., and proper release of county possessed records that concern financial information of a business taxpayer.
You first ask whether a record reviewed by a board during an executive session called under K.S.A. 75-4319(b)(4) or (6) is considered an open public record. Your statement of this question appears to contemplate executive session provision of written financial information to the county by a business.
K.S.A. 45-215 declares that all public records are open unless otherwise permissibly or mandatorily closed by law. The first issue in determining whether a record must be open becomes whether a specific document is in fact subject to the KORA because it is a public record. K.S.A. 1994 Supp. 45-217(f) provides the definition of a public record:
 "(1) `Public record' means any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency. . . .
 "(2) `public record' shall not include records which are owned by a private person or entity and are not related to functions, activities, programs or operations funded by public funds. . . ."
A county meets the KORA definition of a public agency, as set forth by K.S.A. 1994 Supp. 45-217(e). Thus, any recorded information made, maintained or possessed by a county is considered a public record, unless it fits within one of the exceptions set forth in K.S.A. 1994 Supp. 45-217(f). Public records, as defined by this statute, are presumed open unless a specific law applies to the record in question allowing or requiring closure.
You do not provide us with specific facts concerning the nature, creation, or content of the record in question nor why it is provided to the county. However, if the board of county commissioners (or other body subject to the KOMA) is in a properly convened executive session for discussion of information and matters that fall under K.S.A. 1994 Supp. 75-4319(b)(4) or (6), we presume that the records being reviewed concern confidential data relating to the financial affairs or trade secrets of a business, or to real property the county is considering acquiring. It is not clear whether the information in question is merely brought into an executive session by a private citizen for the purpose of reviewing it with county officials while in executive session or provided to the county officials for inclusion in the record or county files.
When a privately owned and possessed record is merely brought into an executive session by a private citizen to be reviewed while in executive session, the record is not necessarily maintained or possessed by the county. However, if maintenance or possession of the record by the public agency occurs, the document then becomes a public record, unless it is owned by a private person or entity and is not related to a function, activity, program or operation funded by public funds. See K.S.A. 1994 Supp. 45-217(f)(2). The specific facts concerning the exact possessory actions or interests of a county will assist in determining whether a record, which was initially provided by a private business, has become a public record.
Assuming that the information in question meets the definition of a public record, the next issue becomes whether there is closure authority that applies to each public record in question. Without knowing the specific facts concerning a public record we can not offer a definitive opinion on whether it may be closed. However, K.S.A. 1994 Supp. 45-221, as amended by L. 1995, ch. 257, sec. 6, lists the types of public records that may generally be closed. Of the exceptions to openness listed therein, the most applicable in this instance appear to be: (a)(13) (contents of appraisals or engineering or feasibility estimates or evaluations made by or for a public agency relative to the acquisition or property, prior to the award of formal contracts therefore), (a)(18) (plans, designs, drawings or specifications which are prepared by a person other than an employee of a public agency or records which are the property of a private person), (a)(31) (public records pertaining to prospective location of a business or industry where no previous public disclosure has been made of the business' or industry's interest in locating in, or relocating within or expanding within the state) and (a)(34) (financial information submitted by contractors in qualification statements to any public agency).
In addition to these discretionary closure sections of the KORA, K.S.A. 1994 Supp. 45-221(a)(1), as amended, recognizes that other laws may act to permit or even require closure of specific types of records. Moreover, K.S.A. 1994 Supp. 45-221(b) closes some types of records if they are provided to the county appraiser in furtherance of that officer's duties. Thus, it is very important to first determine the facts surrounding the record in question. Once the exact nature of the record in question is determined, laws concerning that type of public record must be consulted in order to definitively determine if it may be closed by the public agency possessing it. Absent a specific closure law which applies to the record in question, the KORA requires that public records not otherwise closed by law be open to the public upon request.
Please note that this analysis only concerns public records discussed while in an executive session. Public records actively discussed or acted upon during an open meeting are then required to be open, despite provisions that might otherwise allow discretionary closure of the record. See Attorney General Opinions No. 91-116, 92-132, 93-55. The focus of this opinion is limited to executive session discussions of public records.
Your second question concerns information provided to a county appraiser on an annual basis. You ask if income and expense information requested by a county appraiser can be shared with other counties that need the data to develop valuation models or to investigate or defend an appeal. You characterize this information as "income and expense questionnaires that are requested from the taxpayer by the county appraiser on an annual basis." You ask whether such a document may be shared with other counties, whether directly or through provision of the document to the department of revenue's property valuation division (PVD). You do not provide us with a sample copy of the document in question.
A county appraiser may possess several types of documents concerning a given business or property. K.S.A. 1994 Supp.79-1437c, as amended by L. 1995, ch. 252 sec. 25, requires that a real estate sales validation questionnaire be filed at the time real property is transferred. K.S.A. 1994 Supp. 79-1437f closes sales validation questionnaires to the general public, but allows disclosure to those entities and institutions listed in the statute. If the record in question is such a record, we believe the county must consult this act to determine whether the entity requesting the record fits within one of the therein enumerated exceptions to closure. Absent such applicability, the county may not disclose a sales validation questionnaire to other entities.
K.S.A. 1994 Supp. 45-221(b) further restricts disclosure of tax related information:
 "Except to the extent disclosure is otherwise required by law or as appropriate during the course of an administrative proceeding or on appeal from agency action, a public agency or officer shall not disclose financial information of a taxpayer which may be required or requested by a county appraiser to assist in the determination of the value of the taxpayer's property for ad valorem taxation purposes; or any financial information of a personal nature required or requested by a public agency or officer. . . ."
A taxpayer may include a business. Thus, if the county appraiser requests financial information from a taxpayer, K.S.A. 1994 Supp.45-221(b) limits the circumstances under which and to whom the county may provide that information and records. Determining whether closure is required or allowed becomes a very fact specific question which can only be answered on a case by case basis. However, when appropriate and if there is a proceeding or appeal from an agency action, it appears that the terms of this statute allow disclosure of such financial information. Absent such a fact scenario, the county may not disclose records requested by the county appraiser which were requested in order to determine the value of a taxpayer's property for ad valorem taxation purposes.
In addition to records fitting the description set forth in K.S.A. 1994 Supp. 79-1437c, as amended, and K.S.A. 45-221(b), as amended, the county appraiser may possess other types of records concerning a piece of property or an individual taxpayer. Each public record, as defined by K.S.A. 1994 Supp. 45-217(f), must be examined in light of all laws applicable to each such document.
In summary, it is our opinion that executive session review of a public record by an entity subject to the Kansas open meetings act (KOMA) does not alter the nature of or laws applicable to each such public record. The Kansas open records act (KORA) generally requires all public records to be open unless a specific law applies to that record in such a way as to require or allow closure of the public record in question. Whether or not a specific document fits the definition of a public record, or is subject to closure under a specific law, is a fact question which must be answered on a case by case basis. K.S.A. 1994 Supp.45-221(b), 79-1437c and 79-1437f, as amended, should all be considered when reviewing a record that contains financial information provided to a county pursuant to taxing authority.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm